UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

In re:

DEBORAH STOCKMAN                    Case No. 13-31617
                                                    Chapter 13

            Debtor(s).                      Honorable Daniel S. Opperman
_____/

OPINION REGARDING MOTION TO DISMISS CASE PURSUANT TO
11 U.S.C. § 109(e) FILED BY MUFFLER MAN SUPPLY COMPANY

The Debtor, Deborah Stockman, seeks protection under Chapter 13 of the United States Bankruptcy Code. Creditor Muffler Man Supply Company ("Muffler Man"), disputes the Debtor's eligibility to be a Chapter 13 Debtor because Muffler Man claims the aggregate amount of unsecured debts owing by Debtor consists of the $382,711.85 debt owing to Muffler Man, which by itself places Debtor above the $360,475 debt limit for noncontingent, liquidated, unsecured debt for eligibility to be a Chapter 13 debtor pursuant to 11 U.S.C. § 109(e).

Facts

Debtor was the Defendant in litigation pending in the Lapeer County Circuit Court at the time Debtor filed this Chapter 13 bankruptcy ("State Court Lawsuit"). The State Court Lawsuit was commenced by Muffler Man against Debtor and other named Defendants on June 25, 2012, and sought to enforce an alleged debt owing by Debtor, as guarantor of a contract/promissory note dated June 1, 2002. The amount claimed in the State Court Lawsuit was $344,761.34. Debtor filed an Answer and Counter-Complaint in the State Court Lawsuit, alleging that the underlying contract with Muffler Man was not enforceable under Michigan law, and further asserted claims in her

1

Counter-Claim and Third-Party Complaint against Muffler Man and its owner, James Christensen, and Christensen's employee, Robert Bernhoff. Debtor asserts that the claims against these third-party defendants would reduce any amount owed by her under the contract to zero, assuming such contract is enforceable.

The State Court Lawsuit had been pending for approximately eleven months at the time Debtor filed the instant Chapter 13 Bankruptcy on May 3, 2013. Debtor listed the Muffler Man debt, describing such as a "Law Suit" in the amount of $0.00, on her Schedule F, filed on May 22, 2013, and did not indicate that this debt was contingent, unliquidated, or disputed. On September 16, 2013, Debtor amended her Schedule F to list the Muffler Man debt as a "Law Suit" in the amount of $382,711.85, further checking the three relevant boxes to indicate that this debt was contingent, unliquidated and disputed. The $382,711.85 amount is the current amount claimed by Muffler Man in its Proof of Claim filed in this bankruptcy case, which includes asserted interest and late charges accrued after the commencement of the State Court Lawsuit.

Muffler Man files the instant Motion to Dismiss pursuant to 11 U.S.C. § 109(e), asserting that the debt owing to it exceeds the $360,475 general unsecured debt threshold for Chapter 13 eligibility pursuant to 11 U.S.C. § 109(e).

The Debtor asserts that the Muffler Man claim is disputed and unliquidated, and that after consideration of the counter-claims and third-party claims in the State Court Lawsuit, she is well below the $360,475 threshold amount. In support of her position, Debtor attaches the following pleadings from the State Court Lawsuit: the Amended Complaint filed by Muffler Man, the Counter-Claim and Third-Party Complaint filed by Debtor, and the Amended Counter-Complaint filed by Third-Party Defendant James Christensen.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

The issues in this adversary proceeding arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Eligibility under § 109(e)

The Sixth Circuit provides a starting point for determining eligibility under § 109(e) in *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751 (6th Cir. 1985). The Court held that "Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith." 773 F.2d at 757. "[T]he fact that some later resolution of the conflict might render more certain the precise nature of the debt itself . . . is relatively immaterial in determining the debtors' financial condition and chapter 13 eligibility on the date the petition was filed." *Id.* at 758.

Judge Hughes in *In re Faulhaber*, 269 B.R. 348 (Bankr. W.D. Mich. 2001) described the analytical framework of the *Pearson* decision:

> *Pearson* clearly directs that a debtor's eligibility for Chapter 13 relief depends upon the amount of the debtor's liquidated and non-contingent debts as of the petition date and that the bankruptcy court should rely upon the debtor's good faith assessment of the amount of such debts as manifested in the bankruptcy schedules prepared by the debtor. However, *Pearson* does not mandate that the bankruptcy court's evaluation must be limited to only the schedules as originally filed. For example, if the debtor had mistakenly scheduled the amount of an unsecured judgment as $300,000 when in fact the amount of the judgment was

3

> only $30,000, the debtor should not be barred from amending the schedules to correct the mistake. . . .
>
> *Pearson* also prohibits the bankruptcy court from taking into consideration events which occurred subsequent to the petition date in evaluating the debtor's eligibility for Chapter 13 relief. For example, a debtor may schedule the amount of an unsecured and unliquidated claim against him for personal injuries as "unknown" because it was not readily ascertainable as of the bankruptcy petition date. It would be of no consequence to the debtor's chapter 13 eligibility if that claim were later reduced to a sum certain through, for example, the continuation of a state court proceeding after modification of the automatic stay.

269 B.R. at 352-53; *see also In re Tomlinson*, 116 B.R. 80, 81 (Bankr. E.D. Mich. 1990) (finding that *Pearson* allows for amendments to correct a miscategorized debt); *In re Rohl*, 298 B.R. 95 (Bankr. E.D. Mich. 2003) (finding that "a debtor's post-petition efforts to gerrymander eligibility requirements by picking and choosing debts" should not be rewarded).

### Liquidated or Unliquidated

The *Pearson* court discussed a split in authority as to whether a substantial dispute as to liability for or the amount of a debt renders it unliquidated. *Pearson*, 773 F.2d at 754-55. Unfortunately, the Sixth Circuit did not adopt one line of reasoning over the other. However, since the *Pearson* decision was rendered in 1985, a majority of courts have found "that a claim is liquidated if its value can be readily ascertained whether or not the debtor's underlying legal liability on that claim is in dispute." *In re Dow Corning Corp.*, 215 B.R. 346, 356-57 (Bankr. E.D. Mich. 1997) (citations omitted); *see also Faulhaber*, 269 B.R. at 354-55 (noting that, "[a]lthough not determinative, the Sixth Circuit in *Pearson* did conclude that the generally accepted definition of a liquidated debt is a debt which is 'readily ascertainable'", and a "broad consensus" has developed "that the debtor's liability is irrelevant to the determination of whether a debt is liquidated or not") (citing *Pearson*, 773 F.2d at 754-55).

Analysis and Conclusion

This determination comes down to the facts surrounding the Muffler Man debt existing at the time Debtor filed her Chapter 13 bankruptcy on May 3, 2013. The pleadings in the State Court Lawsuit evidence not only Debtor's dispute of the Muffler Man claims against her, but her counter claims against Muffler Man and other named third-party defendants. Further, there was no final determination in the State Court Lawsuit or other evidence offered that the Muffler Man claim had been reduced to a sum certain. Accordingly, the state of the pleadings, as well as the unresolved status of the State Court Lawsuit at the time this bankruptcy was filed, warrant a finding that the Muffler Man debt was disputed. While Muffler Man would have this Court look solely to its claims against Debtor, the Court cannot ignore Debtor's asserted defenses and counter claims in the State Court Lawsuit. Thus, the Court concludes that this debt was and currently is not readily ascertainable and is unliquidated for purposes of 11 U.S.C. § 109(e).

Assuming every other debt listed by Debtor on her Schedule F is noncontingent, liquidated and undisputed, the total for unsecured debt is $104,020.23, well below the $360,475 threshold amount. Accordingly, Debtor is eligible to be a Chapter 13 Debtor pursuant to 11 U.S.C. § 109(e).

Counsel for Debtor is directed to prepare and submit an Order consistent with this Opinion.

**Not for Publication**

```
Signed on January 10, 2014
                                    /s/ Daniel S. Opperman
                               Daniel S. Opperman
                               United States Bankruptcy Judge
```